UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-79-FDW

| | |
|---|---|
| EDDIE LEVORD TAYLOR, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>DENNIS DANIELS, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 12).

### I.  BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who, on January 27, 2012, in Mecklenburg County Superior Court, was convicted after trial by jury of possession of stolen goods, larceny after breaking or entering, and breaking or entering, and pled guilty to habitual felon status and was sentenced to two concurrent terms of 146-185 months imprisonment, in cases 10 CRS 253443-44, and 11 CRS 3165. The trial court arrested judgment on Petitioner's conviction for possession of stolen goods. On April 2, 2013, the North Carolina Court of Appeals filed an unpublished opinion finding no error. State v. Taylor, 741 S.E.2d 512 (N.C. App. 2013). Petitioner was represented at trial by Jennifer Coulter and on appeal by John Keating Wiles. Petitioner stated on pages 3-5 of his pro se federal habeas application form that he has filed no other petitions, applications, or motions with respect to these judgments of conviction in any state court. However, in response to the summary judgment motion, Petitioner

1

attached two orders from the Mecklenburg County Superior Court, dated October 7, 2013, and November 20, 2013, in which the state court treated various filings by Petitioner as motions for appropriate relief and summarily denied them as without merit and alternatively as procedurally barred under N.C. GEN. STAT. § 15A-1419. (Doc. No. 15 at 4, 5).

Petitioner placed the petition in the prison system for mailing on January 13, 2014, and it was stamp-filed in this Court on February 19, 2014. In his petition, Petitioner contends that (1) he was never legally appointed counsel; (2) the prosecution's motion for joinder of offenses and evidence was not presented until the day of trial; (3) the trial court used fabricated evidence and falsified statements; and (4) he was convicted through malicious and vindictive prosecution. Respondent filed the pending motion for summary judgment on July 8, 2014. (Doc. No. 12). On July 15, 2014, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Petitioner fourteen days to respond to the summary judgment motion. (Doc. No. 14). Petitioner filed a response on August 11, 2014, and Respondent filed a Reply the same day. (Doc. Nos. 15; 16).

The North Carolina Court of Appeals summarized the facts from Petitioner's trial as follows:

> Defendant was tried on a total of four offenses. The first three offenses were for possession of stolen goods, larceny after breaking or entering, and breaking or entering. These three offenses were all alleged to have occurred on 5 November 2010, and stemmed from the theft of property from a dentist's office located at 110 University Executive Park in Charlotte, North Carolina. The fourth offense was for a separate breaking or entering into offices occupied by the Governor Morehead School for the Blind. The fourth offense was also alleged to have occurred on 5 November 2010, and the offices were located at 110 University Executive Park, just two doors down from the dentist's office. The trial court allowed the State's motion to join the offenses for trial over defendant's objections. The jury ultimately found defendant guilty of the offenses involving the dentist's office, but not guilty of breaking or entering into the offices of the

Governor Morehead School for the Blind.

State v. Taylor, 741 S.E.2d 512 (N.C. App. 2013).

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986).

### B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;

or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

In addition, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Walker v. Martin, 131 S. Ct. 1120, 1127 (2011) (internal quotations and citations omitted). "The state-law ground may be a substantive rule

4

dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. (citation omitted). A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. § 2254(b)(1)(A).

### III. DISCUSSION

In his first clam for relief, Petitioner contends that he was never legally appointed counsel. This contention is without merit, as the trial transcript shows Petitioner was in fact represented by appointed counsel. To the extent Petitioner believes the appointment was not "legal" and this somehow entitles him to federal habeas relief, this contention is wholly conclusory. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992). Furthermore, this claim is procedurally barred because Petitioner was in an adequate position to have raised it on direct appeal, but he did not do so. Petitioner asserts that he attempted to raise this issue in a pro se brief on appeal, but the North Carolina of Appeals would not consider it. Petitioner's attempt to raise the claim pro se was insufficient to properly present the claim to the state courts for adjudication and does not avoid the procedural bar because Petitioner was represented by competent appellate counsel, and he had no constitutional right to hybrid representation. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (no constitutional right to advisory counsel or hybrid representation); United States v. Beckton, 740 F.3d 303, 307 (4th Cir.) (same), cert.

5

denied, (2014).[1] In sum, Petitioner's first claim for relief is procedurally barred and is, in any event, without merit.[2]

In his second claim for relief, Petitioner contends that he is entitled to federal habeas relief because the trial court granted a motion by the prosecution to join Petitioner's offenses even though the prosecution did not bring the motion until the day of trial. The Court first finds that this claim is procedurally barred because Petitioner did not raise it on direct appeal in terms of a violation of his federal constitutional rights. See Duncan v. Henry, 513 U.S. 364 (1995) (petitioner must expressly raise the same federal constitutional claim in state court that he raises in federal court). Rather, Petitioner raised this claim in terms of state law error only, arguing that the trial court abused its discretion by allowing the motion for joinder. If Petitioner were to return to state court and file an MAR attempting to raise his current claim in terms of a violation of his federal constitutional rights, it would be found procedurally barred under N.C. GEN. STAT. § 15A-1419(a)(3) and (b) (claim shall be denied when defendant was in adequate position to have raised it in prior appeal but did not do so, absent cause and prejudice or fundamental miscarriage of justice, i.e., "actual innocence"). Petitioner's second claim is therefore procedurally barred from federal habeas review. In any event, there is no Supreme Court decision mandating that Petitioner's offenses be severed under the circumstances of this case. See United States v. Lane, 474 U.S. 438, 446 n.8 (1986) (stating that erroneous joinder violates the constitution "only if it results in prejudice so great as to deny a defendant his Fifth

---

[1] To the extent that Petitioner attempted to raise this and his other claims in an MAR, the MAR Court denied the claims on the merits and based on procedural bar, and Petitioner fails to show cause and prejudice or actual innocence to overcome the procedural bar.

[2] Respondent argues alternatively that all of Petitioner's claims are subject to dismissal based on failure to exhaust.

Amendment right to a fair trial"). In sum, Petitioner's second claim for relief is denied.

In his third ground for relief, Petitioner contends that the trial court used fabricated evidence and falsified statements. This claim is procedurally barred because Petitioner did not raise it on direct appeal even though he was in an adequate position to have done so. In any event, this claim is without merit as wholly conclusory. In sum, Petitioner's third claim for relief is denied.

In his fourth ground for relief, Petitioner contends that he was convicted through malicious and vindictive prosecution. This claim is procedurally barred because Petitioner did not raise it on direct appeal even though he was in an adequate position to have done so. Moreover, this claim is without merit. A "presumption of regularity" attends decisions to prosecute. United States v. Armstrong, 517 U.S. 456, 464 (1996). To establish malicious or vindictive prosecution in charging Petitioner, he must show through objective evidence that "(1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." United States v. Johnson, 325 F.3d 205, 210 (4th Cir.), cert. denied, 540 U.S. 897 (2003) (citing United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001)). In addition, "[t]he requirements for a selective prosecution claim draw on ordinary equal protection standards." See Rowsey v. Lee, 327 F.3d 335, 343 (4th Cir. 2003) (citing United States v. Armstrong, 517 U.S. 456, 465 (1996)). "To succeed on a selective-prosecution claim, a defendant must demonstrate that the prosecutor's decision 'was based on an unconstitutional motive.'" Id. (citing Wade v. United States, 504 U.S. 181, 185-86 (1992)). "[T]o dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present clear evidence to the contrary." Armstrong, 517 U.S. at 465 (internal

7

quotation marks omitted). Here, Petitioner has failed to meet his burden for showing vindictive, malicious, or selective prosecution, i.e., he has failed to show animus or any improper acts or omissions by the prosecutor or any improper or unconstitutional motive. In sum, Petitioner's fourth claim is denied.

## IV. CONCLUSION

For the reasons stated herein, the Court will grant Respondent's summary judgment motion and deny and dismiss the § 2254 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 12), is **GRANTED**, and the petition is **DENIED** and **DISMISSED**.

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 15, 2014

Frank D. Whitney
Chief United States District Judge